**FILED**

## UNITED STATES DISTRICT COURT
for the

Southern District of Illinois

APR 28 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLLINOIS
E. ST. LOUIS OFFICE

| | |
|---|---|
| Ruthie M. Bean | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Cahokia Unit School District #187 | ) |
| *Defendant(s)* | ) |

Case Number: __3:26-cv-00553-SMY__
(To be supplied by Clerk's Office)

# EMPLOYMENT
# DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against Cahokia Unit School District #187 _____
[defendant(s)] for discrimination as set forth below.

Plaintiff ⭕DOES ⦿DOES NOT demand a jury trial.

## I. PARTIES

Name and Address of Plaintiff:
Ruthie M. Bean
1612 Converse
East Saint Louis, Illinois
62207

Name and Address of Defendant(s):
Cahokia Unit School District #187
Mr. Curtis McCall, Jr., Superintendent
1700 Jerome Lane
Cahokia, Illinois
62206

(Rev. 4/2010)                                         -1-

The plaintiff was:

○     denied employment by the defendant(s).

○     hired and is still employed by the defendant(s).

◉     employed but is no longer employed by the defendant(s).

The alleged discrimination began on or about: August 8, 2022 _____ (give month, day, and year).

## II. JURISDICTION

1.  Jurisdiction over this claim is based on 28 U.S.C. § 1331. Plaintiff alleges that the defendant(s) discriminated against Plaintiff because of Plaintiff's:

    ☑    **Sex** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☑    **Race** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and/or 42 U.S.C. § 1981)

    ☑    **Age** (The Age Discrimination in Employment Act, 29 U.S.C. § 621)

    ☑    **Disability** (The Americans with Disabilities Act, 42 U.S.C. § 12101 and/or The Rehabilitation Act, 29 U.S.C. § 701)

    ☐    **National Origin** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☐    **Religion** (Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5)

    ☑    **Other** (list): Medical _____

2.  Plaintiff ◉ Has ○ Has Not filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint].**

    Plaintiff ◉ Has ○ Has Not filed a charge before the Illinois Department of Human Rights relating to this claim of employment discrimination. **[Attach a copy of charge to this complaint].**

3.  Plaintiff's Right to Sue Notice from the EEOC was received on or about January 29, 2026 (date). **[Attach a copy of Notice of Right to Sue to this complaint].**

(Rev. 4/2010)                  -2-

## III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because:
Please refer to attachment.

## IV. FACTS IN SUPPORT OF CLAIM

State here briefly and clearly as possible the essential facts of your claim.   Take time to organize your statement.  You may use numbered paragraphs if you find it helpful.  Describe precisely how each defendant in this action is involved.  Give dates and places.  Concentrate on describing as clearly and simply as possible the employment practice you allege to be illegal and how it discriminated against you. It is not necessary to make legal arguments or cite any cases or statutes.  In most circumstances, this only makes your claim difficult to understand.  As much as possible, let the facts speak for themselves.

Please refer to attachment.

(Rev. 4/2010)                                        -3-

Ruthie M. Bean

### III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because Defendant, Cahokia Unit School District #187, Defendant, through its Superintendent, School Board, and affiliated representatives, engaged in unlawful employment practices, including discrimination based on disability, age, gender, and experience; retaliation for Plaintiff's filing of a complaint with the Equal Employment Opportunity Commission; and the creation of a hostile work environment. Cahokia Unit School District #187, Defendant further violated Plaintiff's due process rights by imposing a 10-day unpaid suspension without proper procedural protection, denying Plaintiff the opportunity for legal representation, and wrongfully terminating Plaintiff's employment based on pretextual and retaliatory grounds.

Defendant's actions were intentional, willful, and part of a pattern of conduct organized to force Plaintiff's resignation and replace Plaintiff with younger, less experienced employees. Additionally, Defendant engaged in unfair labor practices, breached Plaintiff's employment contract by denying teacher tenure, salary steps, and pay increases afforded to similarly situated employees outside Plaintiff's protected classes and permitted defamatory statements that harmed Plaintiff's professional reputation.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, loss of income and benefits, damage to reputation, and emotional distress, and is therefore entitled to compensatory damages, equitable relief, and any further relief the Court deems just and proper.

Ruthie M. Bean

## IV. FACTS IN SUPPORT OF CLAIM

On November 20, 2025, the Plaintiff was placed on a ten-day unpaid suspension for alleged "willful insubordination." This disciplinary action was imposed without affording the Plaintiff due process rights, in violation of the Plaintiff's rights; Plaintiff was denied the request to have legal representation. Since the start of the Plaintiff's employment with Cahokia Unit School District #187, Defendant, August 2022, the Plaintiff had been subjected to ongoing discrimination, violation of the Plaintiff's due process rights, harassment, and workplace bullying (see attached evidence outlining specific incidents). The Superintendent, along with other staff members, including representatives of the Cahokia Federation of Teachers #1272, engaged in a pattern of coordinated unlawful tactics designed to force the Plaintiff's resignation. These tactics were motivated by discriminatory factors, including the Plaintiff's undocumented disability, age, gender, and years of teaching experience.

During the Plaintiff's employment, the Plaintiff was subjected to unwelcoming and inappropriate behavior, including but not limited to comments and mimicking related to the Plaintiff's disability and physical appearance. The Superintendent and other staff members repeatedly attempted to pressure the Plaintiff into resigning through a series of planned actions, during which the Plaintiff's due process rights were consistently violated. During the Plaintiff's unpaid 10-day suspension, the Superintendent stated to the Plaintiff, "I am going to recommend to the School Board your termination." This statement was subsequently acted upon, and the Plaintiff was terminated by the School Board based on that recommendation. The Plaintiff's termination was not only wrongful but also retaliatory. It was motivated, in part, by a personal vendetta arising from the Plaintiff's filing of a complaint with the Equal Employment Opportunity Commission. Additionally, false, and defamatory statements were made about the Plaintiff, including claims that the Plaintiff did not get along with other women.

The Plaintiff further observed that younger teachers were being promised employment opportunities. The District forced the Plaintiff out through termination because the Plaintiff refused to resign, and the Plaintiff's removal created positions for less experienced, younger individuals. Moreover, The Plaintiff was denied teacher tenure despite the Plaintiff qualifications and experience, while other individuals who were younger and of a different race, and who possessed less teaching experience were granted tenure. This constitutes disparate treatment, unfair labor practices, and unlawful discrimination, including age discrimination. In addition, the Plaintiff was denied the Teacher Salary Steps and pay increases in accordance with the Teachers Contract by the Superintendent and Cahokia

Ruthie M. Bean

Federation of Teachers #1272, Defendant. The Plaintiff requested to meet with the Superintendent; again, the Plaintiff was denied.

As a result of these actions, the Plaintiff was subjected to a hostile work environment characterized by discrimination, retaliation, and unfair treatment. The actions taken *against the Plaintiff have caused significant harm, including emotional distress and* adverse impacts on the Plaintiff's personal and professional life as a result of working in a toxic and discriminatory workplace.

## V. RELIEF YOU REQUEST

Based on the foregoing, Plaintiff seeks the following relief: (check below what you want the court to do for you – make as many checks as you like, and use additional sheets, if necessary).

- ☑ An award of back pay
- ☐ Reinstatement to Plaintiff's old position
- ☑ Costs of suit (but not attorney fees)
- ☑ An award of money damages
- ☑ Other (explain below)

The Plaintiff is seeking a fair resolution for discrimination that the Plaintiff has experienced. The Plaintiff was treated unfairly and differently on the basis of protected characteristics, which is prohibited under applicable discrimination laws. At this time, the Plaintiff is also seeking Teacher tenure, Teacher salary steps and pay increases, and back pay from the unpaid suspension. Lastly, the Plaintiff respectfully requests that the court recognize the discriminatory treatment the Plaintiff endured and provide appropriate remedies, including but not limited to compensation for damages, removal of all disciplinary actions taken against the Plaintiff from the Plaintiff's personnel file, an order to cease the discriminatory actions in the future, and any other relief the court deems just and proper to restore the Plaintiff's professional reputation.

Signed on: 4/28/2026
(date)

_____
Signature of Petitioner

1612 Converse Avenue
Street Address

Ruthie Bean
Printed Name

East Saint Louis, IL 62207
City, State, Zip

_____
Signature of Attorney (if any)

(Rev. 4/2010)

-4-

Ruthie Bean

## VI. Cause of Action:

**Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):**

Employment discrimination based on age in violation of the Age Discrimination in Employment Act of 1967 and unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

**Brief description of cause:**

Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621–634), Sex-Female, Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.)